**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| RICKY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:20-cv-02437-JTF-atc |
| | ) | |
| v. | ) | |
| | ) | |
| FLOYD BONNER JR., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER MODIFYING THE DOCKET,
DISMISSING THE COMPLAINT WITHOUT PREJUDICE (ECF NO. 1),
GRANTING LEAVE TO AMEND,
AND DENYING MOTION FOR DISCOVERY (ECF NO. 8)**

On June 18, 2020, Plaintiff Ricky Anderson, who is presently incarcerated under booking number 134646 at Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF No. 1.) On July 8, 2020, the Court granted his motion to proceed as a pauper. (ECF No. 6.)

Anderson's complaint alleges claims for excessive force and inadequate medical care during his confinement at Shelby County Justice Complex (SCJC)[1] in October 2019 – March 2020. Plaintiff names as Defendants: Shelby County Sheriff Floyd Bonner, Jr.; Wellpath Healthcare Provider; Officer V. Brown; Officer L. Austin; Officer K. Perkins; Lt. Cato; and "all employees of the Shelby County Justice Complex." (*Id*. at PageID 1 & 2.) He seeks: medical care for his left

---

[1] Plaintiff is presently confined at HCCF, with a sentence end-date of January 22, 2029. (*See* https://apps.tn.gov/foil-app/details.jsp.) His § 1983 complaint arises from events during his prior confinement at SCJC in Memphis, Tennessee. (*See* ECF No. 1.)

eye; punitive damages; damages for medical neglect; $100,000 for pain and suffering; $100,000 for his eye condition; $1,000 for "each day Wellpath neglected to pull [my molar] from my mouth"; and $100,000 for mental anguish.  (*Id.* at PageID 13.)

The Clerk shall modify the docket to add the State of Tennessee and "all employees of the Shelby County Justice Complex" as Defendants.

## I.   LEGAL STANDARDS

### A.   Screening Requirements

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations

2

to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B.   Requirements To State A Claim Under 42 U.S.C. § 1983

Plaintiff filed his complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## II.   ANALYSIS

### A.   Claims Against The State Of Tennessee

Anderson names the State of Tennessee as a Defendant. (ECF No. 1 at PageID 1.) His claim for money damages against Tennessee is barred by sovereign immunity. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State") (citations omitted). Tennessee has not waived its sovereign immunity here. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Anderson has no claim to monetary relief from the State of Tennessee.

**B.  Official Capacity Claims Against Individual Defendants & Claims Against Shelby County**

To the extent Anderson asserts official capacity claims against Shelby County Sheriff Bonner, Officer Brown, Officer Austin, Officer Perkins, and Lieutenant Cato (collectively, the Individual Defendants), those claims are against their employer, Shelby County.[2] The complaint, however, does not state a valid § 1983 claim against the County. A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor -- or, in other

---

[2]  The complaint's factual allegations describe events during Plaintiff's confinement at SCJC. The record thus suggests that the Individual Defendants were employees of SCJC.

words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). A plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Anderson does not describe any Shelby County policy or custom, let alone one that is unconstitutional or pursuant to which the Individual Defendants acted. Therefore, he does not state a claim against Shelby County or against any Individual Defendants in their official capacity.

### C.  Claims Against The Shelby County Justice Complex

To the extent Anderson seeks to hold the SCJC liable for his allegations in this case, his claims fail. A jail is not a "person" subject to suit under § 1983. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) ("the Shelby County Jail is not an entity subject to suit under § 1983"). Therefore, Plaintiff does not state a claim to relief against the SCJC.

### D.  Claims Against Wellpath

Anderson states that Defendant WellPath is the "healthcare provider for Shelby County Justice Complex" that "neglected to pull my molar tooth." (ECF No. 1 at PageID 1 & 13.)

To the extent that WellPath "performs the traditional state function of operating a prison," it "acts under the color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)).[3] To state a claim against WellPath, Plaintiff must allege that his "'constitutional rights were violated and that a policy or custom' of [WellPath] 'was the moving force behind the deprivation of [his] rights." *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)). Anderson, however, fails to state a claim against WellPath because he does not demonstrate that it had a "policy or custom" that was the moving force behind any constitutional violation. For example, he does not describe any WellPath policy or custom with respect to dental procedures. Therefore, Plaintiff does not state a claim to relief against WellPath.

### E. <u>Individual Capacity Claims Alleging Excessive Force</u>

Anderson states that Officer Brown "placed her [flashlight's] strobe setting into my eyes twice … during her routine check" at SCJC on November 20, 2019 (the Incident). (ECF No. 1 at PageID 7.) When Plaintiff asked her to stop, Brown cursed at him. (*Id.* at PageID 6 (calling Brown's act "a very rude and unprofessional job performance").) According to a post-Incident investigation, Anderson had: refused to uncover his cell light before the Incident, used profanity towards Brown, told her to get away from his door, and kicked his cell door. (*Id.* at PageID 9.) Anderson claims that the Incident caused him an "irritat[ed]" eye that requires "eye drops." (*Id.* at PageID 8.) The Court liberally construes his allegations as a claim for excessive force.

---

[3] Reading the complaint liberally, the Court will accept for purposes of screening that WellPath is an outside organization that contracts with SCJC to provide inmate health services.

The Eighth Amendment protects a convicted inmate from cruel and unusual punishments, including "the unnecessary and wanton infliction of pain." *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)); *Wilson v. Seiter*, 501 U.S. 294 (1991).[4] Establishing an Eighth Amendment claim of excessive force requires a showing that: (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"; and (2) "'the officials act[ed] with a sufficiently culpable state of mind.'" *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6 (citing *Whitley*, 475 U.S. at 320-21).

Here, Anderson fails to meet the constitutional test for excessive force because he does not demonstrate both of its prongs.

First, nothing in the complaint itself plausibly suggests that Brown's flashlight use was objectively harmful enough to constitute wanton infliction of pain. The complaint states, at most, that his eyes were "irritated" as a result of the bright light. (ECF No. 1 at PageID 8.) However, subsequent to his original pleading, Plaintiff submitted a letter to the Court about the glasses he recently obtained for his eye problems. (ECF No. 11.) His February 2021 eye exam suggested his future need for bifocals. He plans to pursue a second medical opinion once he has the financial means and the opportunity after his release from incarceration. (*Id.* at PageID 37-38.) This effort by Anderson to update the Court about his latest treatment, and his expressed intent to pursue

---

[4] Anderson was a convicted prisoner at the time of the Incident, not a pretrial detainee. (*See* https://apps.tn.gov/foil-app/details.jsp (Plaintiff's ten-year sentence began on April 12, 2018).) Therefore, Anderson's claims arise under the Eighth Amendment's prohibition of cruel and unusual punishment and its subjective standard, which takes into account a defendant's state of mind. *See Estelle*, 429 U.S. at 104.

future care, plausibly suggest an underlying wrongdoing of sufficient constitutional magnitude for the Eighth Amendment's objective prong.

However, Anderson alleges no facts that Brown acted maliciously or sadistically with the intent to cause him harm, rather than to maintain the security that is necessary to SCJC's safety. By Plaintiff's own admission, Brown was on routine rounds when the Incident occurred. During these duties, Brown addressed Plaintiff's violation of SCJC's light regulations. (ECF No. 1 at PageID 9.) Shining her flashlight into Brown's cell seems to have been a reasonable investigative response -- and not a malicious intent simply to harm Anderson.

Having failed to sufficiently plead the Eighth Amendment's subjective factor, Anderson has not sufficiently alleged a claim of excessive force.

### F. Individual Capacity Claims Alleging Inadequate Medical Care

Anderson received eyedrops in March 2020 from a SCJC nurse for his post-Incident eye irritation, but he has "never received an opinion about the condition of my eye and never seen an eye doctor." (ECF No. 1 at PageID 3.) He further states that he has been unsuccessfully trying since October 28, 2019 to have a broken molar removed. (*Id.* at PageID 3-5.) He provides no details of his symptoms or relevant dental history. Nothing in the complaint suggests any underlying factual nexus between Anderson's eye and tooth conditions.

Claims regarding the denial of medical care are reviewed under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Seiter*, 501 U.S. at 297. Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a cognizable

claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

That is, an Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298. The objective component requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897. The subjective component requires that jail officials acted with the requisite intent -- *i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. Plaintiffs must show that prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Seiter*, 501 U.S. at 302-03. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. An official cannot be found liable under the Eighth Amendment unless he subjectively knows of excessive risk of harm to an inmate's health and disregards it. *Id.* at 837.

Anderson insufficiently pleads a claim for unconstitutional deprivation of medical care.

First, he does not offer facts suggesting any serious medical need. He does not describe the post-Incident eye symptoms he experienced. And he offers no dates of duration or other features of his putative dental condition. He simply offers his conclusory, blanket assertions that he suffers from various health challenges that require the medical care he prescribes.

Furthermore, he has not demonstrated that any specific SCJC personnel had a "sufficiently culpable state of mind" and acted with "deliberate indifference" to his eye and molar conditions. Instead, he simply states that he has not seen a doctor for his left eye and has not been

scheduled for a molar removal. (ECF No. 1 at PageID 3-5.)  These contentions do not satisfy the subjective prong of Eighth Amendment analysis.  He does not demonstrate any Defendant's subjective knowledge, and disregard, of an excessive risk of harm to his health as to his left eye or his tooth.

Having failed to meet both components of an Eighth Amendment claim, Anderson fails to state a claim for constitutionally inadequate medical care as to his left eye and his molar.

### G.  Claim Of Inadequate Prison Grievance Procedure

Anderson suggests that the grievance process at SCJC is inadequate.  (*See* ECF No. 1 at PageID 3 ("Lt. Cato along with Officer Austin failed to ascertain the footage of the Incident" when responding to Anderson's grievance); *see also id*. ("Officer Perkins returned [my grievance about my molar] as non-grievable").)  Plaintiff does not allege any arbitrary denial of access to SCJC's grievance procedure.

Prisoners do not possess a constitutional right to a prison grievance procedure.  *See Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) ("there is no inherent constitutional right to an effective prison grievance procedure").  Furthermore, a failure to take corrective action in response to an inmate grievance does not supply the necessary personal involvement for § 1983 liability.  *See Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003).  Anderson's contentions regarding his grievances fail to state a claim for relief.

### H.  Claims Against "All Employees Of The Shelby County Justice Complex"

Anderson names "all employees of the Shelby County Justice Complex" as Defendants. (ECF No. 1 at PageID 2.)  His effort is not well-taken.

Collective liability, *i.e.,* when claims are brought against persons such as "medical staff," is not permitted under § 1983.  Individual, personal involvement is required.  Use of the term "staff" as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in cases filed pursuant to § 1983.  A damages suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation.  A group of people, such as "medical staff," is not a "person" subject to suit pursuant to § 1983.  *See*, *e.g.*, *Arty v. Wilson Cnty. Jail*, No. 19-cv-0309, 2019 WL 4748321, at *2 (M.D. Tenn. Sept. 30, 2019) ("the Jail's correctional staff and medical staff are not corporate or political entities and are therefore not subject to suit under Section 1983") (internal citations omitted).  Anderson must identify the specific individuals who were actually responsible for the conduct he challenges.

Therefore, his claims against "all employees" of the SCJC fail to state a claim.

## I.   Request For Discovery

On September 15, 2020, Anderson filed a motion asking "if this District Court would assist me with obtaining [discovery]."  (ECF No. 8 at PageID 28.)  The relief he seeks is unavailable.

Plaintiff must pursue his discovery requests from Defendants, in accordance with the Federal Rules of Civil Procedure -- and not via a Court order.  *See*, *e.g.*, Fed. R. Civ. P. 34. *Pro se* litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure.  There is nothing in the record suggesting that Plaintiff has ever served any discovery requests upon Defendants.  There is, therefore, no discovery response that can be compelled from Defendants at this time.  Furthermore, this Court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma*

*pauperis* under 28 U.S.C. § 1915(a).  *See Maher v. Tennessee*, No. , 2019 WL 1339602, at *2 (W.D. Tenn. Mar. 25, 2019) (internal citations omitted).

Plaintiff's motion for discovery (ECF No. 8) is **DENIED**.

## IV.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").  In this case, the Court grants Plaintiff leave to amend.

## V.   CONCLUSION

For all of the reasons explained above:

(1)  The complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Furthermore, since Plaintiff's complaint is dismissed for failure to state a claim, his request for medical care (ECF No. 1 at PageID 13) is denied as moot.  Moreover, it is not within the province of this Court to direct the medical care of state inmates;

12

(2)  Leave to amend is **GRANTED**.  Any amendment must be filed within twenty-one (21) days after the date of this order.  Plaintiff is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings.  The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count.  If Plaintiff fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment; and

(3)  Plaintiff's motion for discovery (ECF No. 8) is **DENIED**.

**SO ORDERED**, this 1st day of April, 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE