# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RICKY ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:20-cv-02437-JTF-atc |
| v. | ) |
| | ) |
| FLOYD BONNER JR., ET AL., | ) |
| | ) |
| Defendants. | ) |

**ORDER MODIFYING THE DOCKET;
DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE (ECF NO. 14);
DENYING LEAVE TO AMEND;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL;
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE;
NOTIFYING PLAINTIFF OF STRIKE RECOMMENDATION UNDER 28 U.S.C. § 1915(g);
AND DISMISSING CASE IN ITS ENTIRETY**

On June 18, 2020, Plaintiff Ricky Anderson, who is presently incarcerated under booking number 134646 at Hardeman County Correctional Facility (the HCCF) in Whiteville, Tennessee[1], filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF No. 1.) On July 8, 2020, the Court granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 6.) On April 1, 2021, the Court dismissed the complaint without prejudice for failure to state a claim to relief and granted leave to amend. (ECF No. 12 (the Screening Order).) On April 19, 2021, Plaintiff filed an amended complaint, which is before the Court for screening under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the PLRA).

---

[1] *See* https://apps.tn.gov/foil/details.jsp (listing the Tennessee Department of Correction Felony Offender Information record for Anderson).

Like Anderson's initial complaint, the amended complaint arises from events during Anderson's confinement at Shelby County Justice Complex (the SCJC)[2] in October 2019 – March 2020. The amended complaint alleges claims for excessive force, inadequate medical care, inadequate prison grievance process, and failure to train prison personnel. The amended complaint sues all Defendants who were named in Anderson's initial pleading[3], and the amended complaint adds "Jane Doe" and "Jane Doe's Assistant" as Defendants. The amended complaint does not name the State of Tennessee as a Defendant. (ECF No. 14 at PageID 59 & 61-62; *cf.* ECF No. 1 art PageID 1.) The amended complaint seeks, from each Defendant: $500,000 in punitive damages; $500,000 in "future damages"; $500,000 in "possible future medical costs"; and $500,000 in compensatory damages. (*Id*. at PageID 64.)

The Clerk shall modify the docket to add Jane Doe and Jane Doe's Assistant as Defendants.

For the reasons explained below, the amended complaint (ECF No. 14) is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief, leave to amend is **DENIED**, and this case is **DISMISSED** in its entirety.

I.      **LEGAL STANDARDS AND REQUIREMENTS TO STATE A § 1983 CLAIM**

The legal standards for screening Anderson's claims under the PLRA, and the requirements to state a claim to relief under 42 U.S.C. § 1983, are set forth in the Screening Order and need not be restated here. (*See* ECF No. 12 at PageID 42-43.)

---

[2] Plaintiff is presently confined at the HCCF, with a sentence end-date of January 22, 2029. (*See* https://apps.tn.gov/foil-app/details.jsp.) Anderson's § 1983 complaint arises from events during his prior confinement at the SCJC in Memphis, Tennessee. (*See* ECF No. 1.)

[3] The Defendants who are sued in both the initial complaint and the amended complaint are: Shelby County Sheriff Floyd Bonner, Jr.; Wellpath Healthcare Provider; Officer V. Brown; Officer L. Austin; Officer K. Perkins; Lt. Cato; and "all employees of the Shelby County Justice Complex." (ECF No. 1 at PageID 1 & 2; ECF No. 14 at PageID 59 & 61-62.)

II. **ANALYSIS**

    A. <u>**Official Capacity Claims Against The Individual Defendants & Claims Against Shelby County**</u>

To the extent Anderson asserts official capacity claims[4] against Shelby County Sheriff Bonner, Officer Brown, Officer Austin, Officer Perkins, and Lieutenant Cato (collectively, the Individual Defendants), those claims fail to state a claim to relief. As the Screening Order explained as to official capacity claims and claims against Shelby County, Anderson must (1) identify a Shelby County policy or custom, (2) connect the policy to Shelby County, and (3) show that Anderson's particular injury was incurred due to execution of that Shelby County policy. (ECF No. 12 at PageID 44-45 (internal citations omitted).) Anderson does not cite any intervening change in constitutional law about municipal liability under § 1983, subsequent to entry of the Screening Order. The amended complaint does not allege facts that demonstrate a Shelby County policy or custom pursuant to which Defendants acted to deprive Anderson of a constitutional right.

Because the amended complaint alleges no new or different facts that alter the Screening Order's conclusion about Anderson's claims against Shelby County, or Anderson's official capacity claims against the Individual Defendants, all such claims are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

    B. <u>**Claims Against Wellpath, Jane Doe, And Jane Doe's Assistant**</u>

The amended complaint alleges that, on an unspecified date, Anderson signed up for a tooth removal, which requires a 30-day waiting period. (ECF No. 14 at PageID 62.) When Anderson did not receive an appointment after 30 days, he re-submitted a tooth-pull request. Anderson waited another 30 days. (*Id.* at PageID 62-63.) When Anderson saw a dentist on an

---

[4] *See* ECF No. 14 at PageID 62-63 (alleging claims against Bonner, Brown, Austin, Perkins, and Cato in their "official capacity").

3

unspecified date, the dentist "rescheduled [Anderson] for a later date." (*Id*. at PageID 63.) Anderson "suffered around a year with [an] infected broken tooth" before he was "eventually shipped to a State facility where his tooth got pulled." (*Id*. (the Tooth Claim).) The amended complaint names Jane Doe and "her assistant" among the Tooth Claim's factual allegations, but Anderson does not describe any particular conduct by them. Anderson does not allege any ongoing injury from his infected broken tooth.

As the Screening Order explained, Anderson must allege that his constitutional rights were violated and that a policy or custom of WellPath was the moving force behind the deprivation of his rights. (ECF No. 12 at PageID 46 (internal citations omitted).) Anderson does not cite any intervening change in constitutional law about § 1983 liability for entities that perform the traditional state function of operating a prison, subsequent to entry of the Screening Order. The amended complaint does not allege facts demonstrating Wellpath had a policy or custom that was the moving force behind any constitutional violation as to Anderson's tooth. The amended complaint alleges only that Wellpath "is the medical provider and they have consistently failed to provide medical care and medication for the inmates housed at the [SCJC], including the [P]laintiff." (ECF No. 14 at PageID 62.) That lone allegation is insufficient to demonstrate a Wellpath policy or custom, let alone one relevant to the Tooth Claim. Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), a complaint must be sufficient to put the municipality on notice of a plaintiff's theory of liability, *see, e.g.*, *Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007). Anderson's amended complaint does not do so. He fails to identify an official policy or custom of Wellpath that caused him injury.

Furthermore, the amended complaint does not allege any supposed wrongdoing by Jane Doe or Jane Doe's Assistant. (*See* ECF No. 14 at PageID 44-45.) To establish liability under § 1983 against an individual defendant acting under color of state law, a plaintiff must show that the defendant was "personally involved" in the unconstitutional incident. *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983 because "each defendant's liability must be assessed individually based on his own actions"). Anderson must sufficiently allege personal involvement by each named Defendant, or their encouragement or condoning of others, to set forth a cognizable § 1983 claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). The amended complaint fails to do so as to Jane Does and Jane Doe's Assistant.[5]

Because the amended complaint (1) alleges no new or different facts that alter the Screening Order's conclusion about Anderson's claims against Wellpath and (2) alleges no facts that demonstrate a claim to relief against Jane Doe and Jane Doe's Assistant, all such claims are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### C. Individual Capacity Claim Against Brown For Excessive Force

The amended complaint alleges that Officer Brown "was excessive and malicious in her job duty" by "plac[ing] her strobe light in [Plaintiff's] eyes for an excessive amount of time." (ECF No. 14 at PageID 63 (the Incident).) As a result of Brown's supposed conduct, Anderson "currently suffers from eye irritation." (*Id.*)

---

[5] Moreover, Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in a complaint. Identifying a defendant with a "Jane Doe" appellation is insufficient to commence a civil action against that unknown defendant. *See*, *e.g.*, *Smith v. City of Chattanooga*, 2009 WL 3762961, at *12 (E.D. Tenn. Nov. 4, 2009). The Court has already granted leave for Anderson to amend his claims and particularly identify responsible parties. (*See* ECF No. 12.) The amended complaint does not do so as to Jane Doe and Jane Doe's Assistant.

As the Screening Order explained, Anderson must allege that Brown's flashlight use was objectively harmful enough to establish a constitutional violation and that Brown acted with a sufficiently culpable state of mind. (ECF No. 12 at PageID 47 (internal citations omitted).) Both of Anderson's pleadings describe his injury from Brown's flashlight only as "eye irritation." (ECF No. 1 at PageID 8; ECF No. 14 at PageID 63.) Nevertheless, because the Court must construe Anderson's allegations in the light most favorable to him at this screening stage, the Court plausibly infers an underlying wrongdoing of sufficient constitutional magnitude for the Eighth Amendment's objective prong. (*See also* ECF No. 11 (Anderson's March 29, 2021 letter to the Court about: (1) Anderson's purchase of glasses for his supposedly flashlight-related eye problems; and (2) a physician's opinion about Anderson's future need for bifocals to treat his purportedly flashlight-initiated vision challenges).)

However, the amended complaint alleges no facts that demonstrate Brown acted maliciously or sadistically with the intent to cause Anderson harm from a flashlight. Instead, the amended complaint makes only the conclusory statement that Brown "was excessive and malicious in her job." (ECF No. 14 at PageID 63.) Labeling conduct as malicious and sadistic is not the same as alleging facts that demonstrate the conduct was, in fact, wrongful. Federal Rule of Civil Procedure 8 requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). The amended complaint has not done so with respect to the Eighth Amendment's subjective prong for Anderson's excessive force claim against Brown. This is particularly so because Anderson's earlier allegations suggest that Brown's flashlight conduct was necessary to prison security. (*See* ECF No. 1 at PageID 9 (alleging that Brown was on routine rounds to investigate Anderson's violation of SCJC's light regulations).)

Because the amended complaint alleges no new or different facts that alter the Screening Order's conclusion about Anderson's excessive force claim against Brown in her individual capacity, that claim is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### D. Individual Capacity Claims Alleging Inadequate Medical Care

The amended complaint alleges that Anderson "put in several requests to see the eye doctor at the [SCJC] but was never seen." (ECF No. 14 at PageID 63.) The amended complaint further alleges that Anderson "suffered around a year with [an] infected broken tooth" at the SCJC. (*Id*.)

As the Screening Order explained, Anderson must allege (1) a serious medical need and (2) Defendants' sufficiently culpable state of mind, by which they acted with deliberate indifference to a substantial risk that Anderson would suffer serious harm. (ECF No. 12 at PageID 49 (internal citations omitted).)

Like the initial pleading, the amended complaint not allege facts that demonstrate a serious medical need about Anderson's tooth. At most, the amended complaint suggests dental discomfort. The amended complaint alleges no facts from which the Court can plausibly infer serious dental needs, such as the dates of Anderson's symptoms and his past and present symptoms.

Like the initial pleading, the amended complaint does not demonstrate any Defendant's subjective knowledge, and disregard, of an excessive risk of harm to Anderson from his eye or tooth conditions. There are no facts of record from which to plausibly infer any Defendant's sufficiently culpable state of mind. The amended complaint alleges only that Anderson had lengthy waits for eye and dental care.

The amended complaint alleges no new or different facts that alter the Screening Order's conclusion about Anderson's individual capacity claims for inadequate medical care.

For these reasons, the amended complaint's individual capacity claims for inadequate medical care are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### E. Claim Of Inadequate Prison Grievance Procedure

The amended complaint repeats the initial complaint's allegations about the SCJC's inadequate grievance process: (1) Lieutenant Cato did not produce video footage of the Incident (the Footage) for Grievance Chairperson Austin's review; and (2) Officer Perkins "deliberately delay[ed] process of the paperwork" (ECF No. 14 at PageID 63). Perkins returned all of Anderson's grievances as non-grievable. (ECF No. 1 at PageID 3.)

The amended complaint suggests that Austin's grievance review was inadequate solely because Austin "agreed with Lt. Cato," presumably about the Footage's unavailability. (ECF No. 14 at PageID 63.) The amended complaint concedes that review of the Footage was impossible (ECF No. 14 at PageID 63 (Cato told Austin that SCJC video surveillance tapes are erased every 40 days pursuant to SCJC procedure); *see also* ECF No. 1 at PageID 3)

The amended complaint alleges no new or different facts that alter the Screening Order's conclusion about Anderson's claim of inadequate prison grievance process. Prisoners do not possess a constitutional right to a prison grievance procedure. (ECF No. 12 at PageID 50 (internal citations omitted).) Anderson does not cite any intervening change in constitutional law about prisoners' grievance process rights, subsequent to entry of the Screening Order. The amended complaint's grievance-related allegations fail to state a claim to relief.

For these reasons, the amended complaint's claim of inadequate prison grievance process is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### F. Claims Against "All Employees Of The Shelby County Justice Complex"

Like Anderson's initial pleading, the amended complaint names "all employees of [the] Shelby County Justice Complex" as Defendants. (ECF No. 14 at PageID 62; *see also* ECF No. 1 at PageID 2.) Anderson's second such attempt fails, just like his first. Collective liability is not permitted under § 1983. Anderson must identify the specific individuals who undertook the conduct he challenges. (*See* ECF No. 12 at PageID 50-51.) The amended complaint alleges no new or different facts that alter these conclusions in the Screening Order.

The amended complaint's claim against "all employees of [the] Shelby County Justice Complex" is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### G. Individual Capacity Claims Against Sheriff Bonner For Failure To Train And Failure To Communicate

The amended complaint alleges that Sheriff Bonner failed to properly train his staff about avoiding use of excessive force. (ECF No. 14 at PageID 62.) Anderson contends this failure to train gave SCJC personnel "an opportunity to assault or intimidate inmates at any time." (*Id.*)

The amended complaint further alleges that Bonner "failed to communicate with [SCJC] medical staff to establish good standing between medical staff and inmates" for purposes of providing adequate medical care. (*Id.*)

Anderson's allegations do not demonstrate cognizable claims to relief.

A supervisor's failure to train a supposedly offending individual "'is not actionable absent a showing that the official either encouraged or in some way directly participated in [the wrongful conduct]. At a minimum a plaintiff must show that the official at least implicitly authorized, approved or knowingly acquiesced'" in the alleged misconduct. *Hananiah v. Shelby Cnty. Gov't*, No. 12-3074, 2014 WL 6901186, at *1 (W.D. Tenn. Nov. 14, 2014) (internal citations omitted). Absent evidence of personal involvement in the alleged underlying misconduct, a county official defendant cannot be individually liable based on his failure to train or supervise. *Heyerman v.*

*Cnty. of Calhoun,* 680 F.3d 642, 646–48 (6th Cir. 2012). Further, the Sixth Circuit has found that an attempt to hold an officer liable in his individual capacity for his "alleged failure to adequately train employees ... 'improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability.'" *Harvey v. Campbell Cnty.,* 453 F. App'x 557, 563 (6th Cir. 2011) (citation omitted).

Anderson's conclusory contention that "Bonner failed to properly train his staff" does not demonstrate that Bonner directly participated or implicitly authorized, approved, or acquiesced in the supposedly wrongful behavior described in the amended complaint. Even if it were assumed that Bonner had some responsibility for policies at the SCJC —which Anderson's amended complaint does not clearly allege — Bonner cannot be held liable for money damages because Bonner was not personally involved in the events at issue. *See Heyerman v. Cnty. of Calhoun,* 680 F.3d 642, 647–48 (6th Cir. 2012).

To the extent Anderson alleges that Bonner's failure to communicate with SJCJ medical staff caused Anderson to receive inadequate medical care for his tooth and eye, Anderson's effort is not well taken. As explained *supra*, the amended complaint fails to allege constitutionally inadequate medical care in the first place. Bonner cannot be held liable for a constitutional deprivation that is insufficiently alleged in Anderson's amended complaint.

For these reasons, the amended complaint's individual capacity claim against Bonner for failure-to-train and failure-to-communicate are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### III. AMENDMENT UNDER THE PLRA

The Court DENIES leave to amend the amended complaint (ECF No. 14). *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

10

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court has afforded Anderson leave to amend his claims in this case. (*See* ECF No. 12.) It would be futile to give Anderson another opportunity.

## IV.    APPELLATE ISSUES

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must consider whether an appeal by Anderson would be taken in good faith. *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the district court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization. There is an exception when the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the district court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support

an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)).  For the same reasons the Court dismisses Anderson's amended complaint for failure to state a claim, the Court finds that an appeal would not be taken in good faith.  The Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal by Anderson would not be taken in good faith.  The Court DENIES leave to proceed on appeal *in forma pauperis*.  If Anderson appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit.  *See* Fed. R. App. P. 24(a)(5).

## V.     NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).  For § 1915(g) analysis of Anderson's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g).  *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

## VI.    CONCLUSION

For the reasons explained above:

(1)    The amended complaint (ECF No. 14) is DISMISSED WITH PREJUDICE for failure to state a claim on which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)-(2);

(2)    Leave to amend is DENIED;

(3) The Court recommends that the dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons*, 2021 WL 1727619, at *1;

(4) This case is DISMISSED in its entirety;

(5) The Court CERTIFIES that an appeal would not be taken in good faith; and

(6) The Court DENIES leave for Anderson to proceed *in forma pauperis* on appeal.

A judgment shall enter in accordance with the provisions of this Order.

**SO ORDERED**, this 20th day of May, 2022.

                                           */s/John T. Fowlkes, Jr.*
                                           JOHN T. FOWLKES, JR.
                                           UNITED STATES DISTRICT JUDGE